IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEBBIE LOVE-LEE, *Executrix of the*    PLAINTIFF
*Estate of Arthur L. Love, Deceased*

V.                                      CIVIL ACTION NO. 1:17-CV-91-SA-RP

STATE FARM FIRE AND
CASUALTY COMPANY                        DEFENDANT

FINAL JUDGMENT

Plaintiff Debbie Love-Lee, as executrix of the estate of Arthur L. Love, filed suit in the Circuit Court of Winston County, Mississippi on April 12, 2017. *See* Complaint [2]. On June 14, 2017, defendant State Farm Fire and Casualty Company filed a Notice of Removal [2] in this Court. A Case Management Conference was held and the case proceeded as usual until Plaintiff's counsel withdrew on March 1, 2018.

This Court's Order Granting Motion to Withdraw [27], directed the Plaintiff to obtain counsel or notify the court that she intended not to prosecute the case by April 1, 2018. In an Order Granting Extension of Time to Obtain Counsel [31] docketed on April 10, 2018, the Court noted that "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 212 (5th Cir. 2016). The Order directed the Plaintiff that if she intended to proceed *pro se*, she must provide the court with information sufficient to establish that she is the estate's only beneficiary and the estate has no creditors. Plaintiff was further warned in bold font that her failure to do so may result in dismissal of her case.

On May 3, 2018, the Court entered an Order Granting Second Extension of Time to Obtain Counsel [34]. At that time the Plaintiff was again reminded of the limitation on proceeding *pro se*

and directed to provide the court with information as to beneficiaries and creditors. To date, the Plaintiff has not provided the Court with any information sufficient for it to conclude that the Plaintiff is the only beneficiary or that the estate has no creditors and no attorney has made an entry of appearance on behalf of the Estate following the entry of the Order Granting Second Extension of Time to Obtain Counsel. On May 23, 2018, the Court entered an Order to Show Cause [35] by June 6, 2018 why her case should not be dismissed for failing to obtain an attorney or providing the court with information sufficient for the court to conclude that she is the estate's only beneficiary and the estate has no creditors. To date, the Plaintiff has not responded to the Order to Show Cause.

Because the Plaintiff has made no effort to establish that she is the estate's only beneficiary and that the estate has no creditors and she has not retained counsel to represent the estate, has failed to comply with this Court's orders, and has not participated in the prosecution of her case at all in several months, the Plaintiff's claims against State Farm Fire and Casualty Company are DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. This CASE is CLOSED.

It is SO ORDERED, on this the 26th day of July, 2018.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE